CASE 65—ACTION BY J. J. GALVIN, GUARDIAN, FOR W. T. GALVIN, AGAINST UNION CENTRAL LIFE INS. CO. TO RECOVER ON A LIFE POLICY.—MAY 13

# Galvin v. Union Central Life Insurance Co.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

LIFE INSURANCE—PREMIUM—NOTE BY THIRD PERSON—FORFEITURE.

Held: 1. Defendant issued a policy on the life of plaintiff's mother, stipulating that the failure to pay any notes for premiums on the day they became due should avoid the policy. At the time the application was made, plaintiff's decedent offered to pay the first year's premium; but defendant's agent took her husband's note, instead, without any conditions. A receipt was delivered with the policy, stating that the first premium had been paid, and stipulating that it was subject to the conditions of notes given for premiums. HELD that, as the note was given by a third person, a failure to pay it when due did not forfeit the policy.

W. W. THUM AND FORCHT & FIELD, FOR APPELLANTS.

BURNETT & BURNETT AND ROBERT RAMSEY, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

On the 1st day of February, 1900, Sallie E. Galvin made application to appellee's agent for a policy on her life, payable to her child, W. T. Galvin. When the application was signed by her, the agent, Huggins, asked J. W. Galvin for his note, the amount of the first premium. Mrs. Galvin told him at the time that she had the money with which to pay it, but the agent took her husband's note for it, which is as follows:

"Louisville, Ky., February 1st,    J0. Four months after date I promise to pay to the order of C. C. Early, State

Superintendent Union Central Life Insurance Company, twenty-two and $^{07}/_{100}$ ($22.07) without discount or defalcation, value received, negotiable and payable at First National Bank, Louisville, Kentucky, with interest at six per cent. per annum. For premium on policy in said Company. [Signed] J. W. Galvin."

At the time of the execution of this note there was delivered to the assured a receipt, denominated on its margin "Binding Receipt." When the policy was delivered the following receipt was also delivered to her:

"Premium, $22.07. Union Central Life Insurance Company, Cincinnati, Ohio. Received Twenty-two and $^{07}/_{100}$ dollars, being the first premium upon policy No. 202723, issued upon the life of Sallie E. Galvin continuing said policy in force to the 30th day of January, 1901, at noon. This receipt is subject to the conditions of any and all notes which have been given or may be given for the amount of the said premium, or any part thereof. This receipt is not valid unless paid, also countersigned and dated the day of payment by C. C. Early, Agent. C. W. Huggins, Agt.

"Paid at Louisville, Ky., this 23rd day of Feb., 1900. E. P. Marshall, Secretary. Clem W. Huggins, Agent."

On the left-hand margin of this receipt appears the following:

"Agents are not authorized to grant permits, make or alter contracts, or waive forfeitures."

The assured, Sallie E. Galvin, died during the month of November, 1900. The appellant, J. W. Galvin, as guardian for W. T. Galvin, brought this action against appellee to recover the amount of the policy, to-wit, $1,000. The appellee answered, denying that the first premium was ever paid, and averring that the policy lapsed or was forfeited

by reason of the failure to pay the note, copied above, at its maturity—June 1, 1900.

Issues were formed by the pleadings, a trial was had, and, when the evidence was heard, the court, on motion of the appellee, peremptorily instructed the jury to find for it. To all of which appellant objected and excepted, and the case is here on the appeal.

The facts in addition to those stated are, in substance, as follows: "Dr. J. W. Galvin failed to pay the note at its maturity, and the appellee then treated the policy as void from that date, but some time in the month of July, 1900, J. W. Galvin entered the office of appellee, in Louisville, Ky., and found one Rodman, the assistant superintendent, and one Reich, the bookkeeper, and called for his note, which was produced, and paid, with interest to that date. When Early, the superintendent, entered, and ascertained that the note had been paid, he sent Rodman and Reich at once to the office of Dr. Galvin with the money, and offered to return it, and asked for the note. Galvin refused to accept the money or return the note. Appellee afterwards registered a letter to Galvin containing the money, and he refused to receive the letter. Before this payment of note by Galvin, and after it became due and the policy forfeited, as claimed by appellee, Dr. Hood, the appellee's examining physician, had called on Sallie E. Galvin (at the instance of appellee, as claimed by appellant, and at the instance of appellant, as claimed by appellee), and made an examination of her, with a view to the reinstatement of the policy. This examination or certificate was forwarded to the company, at its home office, and the company refused to reinstate the policy, and reported the fact to Early, its superintendent, at Louisville, Ky. If the policy had been forfeited by the nonpayment of the

note by J. W. Galvin when it became due, then the company had the right, under its contract, to refuse to reinstate the policy unless a certificate of health was furnished. The record shows that, between the issue of the policy and the last examination, the assured, Sallie E. Galvin, had an operation performed, and her uterus removed, and this fact was stated in the certificate, and it is presumed that this fact caused the company to refuse a reinstatement of the policy; but it was shown that she had recovered, and was in good health at that time. This court is of the opinion that, if the policy was forfeited by the failure of J. W. Galvin to pay the note when due, then the payment of it by him in July, under the circumstances stated, did not have the effect to revive or reinstate the policy. The money received by Rodman and Reich under a misapprehension of the facts did not have the effect to bind the appellee. The question arises, was the policy forfeited by reason of the failure of J. W. Galvin to pay the note when due? The receipt copied contains this provision: "This receipt is subject to the conditions of any and all notes which have been given," etc. From an inspection of the note, it will be seen there is not a condition of any kind in it. The policy contains this provision: "The failure to pay, if living, any of the first three annual premiums or the failure to pay any notes or interest upon notes given to the company, for any premium on or before the days upon which they become due shall avoid and nullify," etc. We are of the opinion that the words, "Pay any notes, interest," etc., refer to notes executed by the assured. Certainly the words can not be construed to refer to notes executed by third parties, taken by the company and accepted in satisfaction of the liabilities of the assured. The appellee's counsel refer to two cases decided by this court which they claim are like this one, and

settle this case in favor of the appellee. The cases are
Moreland v. Union Central Life Ins. Co., 104 Ky., 129, 20 R.,
432, 46 S. W., 516, and Crutchfield v. Same, 23 R., 2265,
2300, 67 S. W., 67. We can not accept the conclusion of
appellee's counsel. In both of the cases referred to, the
notes were executed by the assured, and not by a third
party. The note and receipt in this case and the note
and receipt in the Moreland case are identical, ex-
cept the note in this case was executed by a third
party. In the Moreland case it was executed by the as-
sured. The receipt in the Moreland case shows that the
premium was paid by a note. In this case the receipt does
not show that the premium was paid by a note. It is not
reasonable to construe this contract as referring to notes
executed by third parties, making the assured guarantor
for their prompt payment and that the company will not
be derelict in the collection of such notes, and, if it should
be, the forfeiture of the assured's policy. In this case the
company took the note of J. W. Galvin for the first premi-
um, bearing interest from its date, February 1, 1900, and
on February 23d delivered the policy to the assured, and
the receipt herein copied, showing that the premium had
been paid, which appears from this record to have been
paid by the note of J. W. Galvin, which had been drawing
interest from the 1st of the month. This appears to have
been beneficial to the company. By the acceptance of the
note, it made interest which it would not otherwise have
made. On the facts as they appear in this record, we are
of opinion that the court erred in giving the peremptory in-
struction.

There are other questions of minor importance appearing
in the record, but we consider it unnecessary to discuss
them.

For the reasons stated, this cause is reversed, and remanded to the lower court for further proceedings consistent with this opinion.