CASE 100—ACTION BY VASHTI HARVEY AND OTHERS AGAINST THE MUTUAL BENEFIT LIFE INS. CO. ON AN INSURANCE POLICY.— MARCH 11.

## Mutual Benefit Life Ins. Co. v. Harvey, &c.

APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

LIFE INSURANCE—NON-PAYMENT OF PREMIUM—ELECTION TO TAKE PAID-UP TERM POLICY—INFANT BENEFICIARIES.

Held:    The provision of a life policy whereby failure for three months, after default in payment of a premium, after two annual premiums have been paid, to surrender the policy and make application to have insured's interest in the reserve fund used in purchasing a paid-up policy, payable when the original policy would have been payable, is an election to have such interest in the reserve fund applied to purchase of term insurance for the amount of the original policy, is not affected by the fact that the beneficiaries are minors; they have no longer time for making the election.

WILLIAM L. DULANEY and W. O. HARRIS, ATTORNEYS FOR APPELLANT.

The non-forfeiture provisions of the policy in contest provide that after two annual premiums shall have been paid on the policy, it shall become void solely by the non-payment of any premium when due, its entire net reserve less any indebtedness to the company shall be applied by the company as a single premium at the company's rates, *first*, to the purchase of non-participating term insurance for the full amount insured by the policy, or *second*, upon the written application of the owner of the policy and the surrender thereof to the company within three months from such non-payment, to the purchase of a non-participating paid-up policy, &c.

This policy for $3,000 was issued November 4, 1887, allowed to lapse for non-payment of premium, November 4, 1892, and insured died April 2, 1902.

The amount of reserve on the policy according to the above stipulation was on November 4, 1892, the day of the lapse, $261.60, from which was to be deducted an indebtedness to the company of $108.92, leaving a balance of $152.68, and the amount of insurance it would purchase at the company's rates, was as follows:

(1) Term insurance for three years and 134 days for $3,000.
(2) Paid-up policy payable at death for $295. The trial court held that the assured was entitled to the last named kind of policy for his reserve interest, and gave judgment for $295 of which the company now complains.

1. No effort is made to show any surrender of the policy, nor is there any claim that assured elected to take a paid-up policy for $295.

2. That such an application and surrender is a condition precedent under the policy must be conceded and we claim that it is legal. Crutchfield v. Union Cent. Life Ins. Co., 23 R., 2265; Same v. Same, 2300; Washington Life Ins. Co. v. Miles, 23 R., 1706; Mutual Life v. Jarboe, 102 Ky., 80; Manhattan v. Patterson, 22 R., 1282.

3. The fact that the beneficiaries of the policy were infants, is no legal excuse for not electing to surrender the policy and take a paid-up policy. O'Laughlin v. Union Co., 11 Fed. Rep., 280; Suggs v. Insurance Co., 71 Texas, 579; Lee v. Union Co., 22 R., 1712; Wilner v. Davis, Litt. Select Cases, 436; Duvall v. Union Cent. Life Ins. Co., 20 R., 443; Drury's Admr. v. N. Y. Life Ins. Co., 74 S. W., 668.

GEO. H. GALLOWAY, ATTORNEY FOR APPELLEES.

1. On October 10, 1888, before the policy was one year old, it was assigned by the assured unconditionally and without reservation to the plaintiffs herein, Vashti Harvey, Roxianna Harvey, and Rebecca Harvey, they being the youngest children of assured, and are now eighteen, ten and eight years of age respectively.

2. This assignment was on a form furnished by defendant company, and accepted and approved by it October 13, 1888, as appears by endorsement on the face of the assignment signed by Edward L. Dobbin, secretary.

3. Said infants, now plaintiffs, thereby became the owner of the policy, and there could be no surrender or relinquishment of that ownership by them during infancy except through a duly appointed and qualified guardian, and this rule the defendant requires to be strictly complied with in all its transactions with infants.

4. When the policy lapsed the plaintiffs were then infants and entitled to a paid-up policy for the sum of $507, less indebtedness due the company for loans to enable him to pay the premiums, after deducting which there was, at the date of said lapse a paid-up policy due the plaintiffs of $295, for which judgment was render

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the fourth of November, 1887, the appellant, the Mutual Benefit Life Insurance Company, issued a policy of insurance on the life of Hiram H. Harvey for $3,000, payable at his death to his executors, administrators, or assigns, in consideration of an annual premium of $107.82, which was to be due and payable on the 4th of November in every year during the continuance of the policy. On the 10th of October, 1888, Hiram Harvey assigned the benefit of this policy to his three daughters, Vashti, Roxianna, and Rebecca Harvey, who were at that time infants of the respective ages of 18, 10, and 8 years. The insured paid or secured to the satisfaction of the company the first five annual premiums, but failed to pay the premium due November 24,

1892; and the policy lapsed, in accordance with its terms, at that date.    Harvey died on the 2d of April, 1902.    On the 6th of April,.1903, this suit was instituted by his children, to whom the policy was assigned on October 10, 1888, who alleged that "said policy lapsed because the premium was not paid on the 4th day of November, 1892; that at the time of said lapse there was fully paid up insurance under said policy to the amount of $507.00, which became due and payable to them, as assignees, at the death of the insured, on the 2d day of April, 1902, and for which they pray judgment."

The defendant filed a general demurrer to plaintiff's petition. which was overruled. It then. answered, pleading the following stipulation. of the policy by way of defense:

"Provided that in case the said premium shall not be paid on or before the several days hereinbefore mentioned for the payment thereof at the office of the company in the city of Newark, or to agents, when they produce receipts signed by the president or treasurer, then in every such case this policy shall cease and determine, subject to the provisions of the company's nonforfeiture system, as hereon endorsed. with accompanying tables.

"Nonforfeiture Provisions: When two full premiums shall have been paid on this policy, it shall cease or become void solely by the nonpayment of any premium when due, its net reserve by the American Experience Mortality and interest at four per cent. yearly, less any indebtedness to the company on this policy, shall be applied by the company as a single premium at the company's rates published and in force at this date, either, first, to the purchase of nonparticipating term insurance for the full amount insured by this policy, or, second, upon the written application by the owner of this policy and the surrender thereof

to the company at Newark within three months from such nonpayment of premium, to the purchase of a nonparticipating paid-up policy payable at the time this policy would be payable if continued in force."

And it alleged that three months after the lapse of the policy for nonpayment of premium on the 4th of November, 1892, no written application having been made accompanied by a surrender of the policy, for paid-up insurance, the company, in accordance with the provisions of the policy, gave to appellee's nonparticipating term insurance for the full amount of the policy for 3 years and 134 days; this being the extended insurance which the net reserve due upon the policy at the time of its lapse, after deducting therefrom the premium loan indebtedness for $102.75, with accrued interest thereon, was sufficient to purchase.

To this answer appellees replied, denying that they had elected to take extended term insurance for the full amount of the policy, and claimed that they were entitled to the amount due upon a paid-up policy which the net reserve would have purchased. The defendant demurred to the reply. which was overruled, and a jury trial resulted in a verdict and judgment for appellees for $295, of which the company now complains.

The case involves the interest of the assured in that portion of the premium of the policy, with interest thereon, which is required to be reserved or set aside as a fund for the payment of the policy when it becomes due, which the uncontradicted testimony of the actuary of the company shows was $152.68, after deducting the indebtedness of the assured to the company on the 4th of November, 1892, the day of the lapse of the policy, which would purchase, at the company's rates, first, term insurance for 3 years and 134 days

for $3,000; second, a paid-up policy, payable at death, for $295. It will be observed that the nonforfeiture provisions of the policy provide that the assured shall be entitled to the first named, or term insurance for the full amount of the policy, unless he makes application and surrenders his policy, in which case he may take the second, or paid-up, policy, payable at his death. There is no contention or proof that the assured made application for or elected to take a paid-up policy of insurance for $295. There can be no question, under the terms of the policy, that such application and surrender by the beneficiaries of the policy is a condition precedent to the issual of paid-up insurance. Otherwise it became the duty of the company, without application or request, to set aside for the benefit of the assured extended insurance for the full amount of the policy.

The only question, therefore, for consideration, is the power of the company to contract for these alternate benefits in case of a lapse. This exact question was before this court in the recent case of Crutchfield v. Union Central Life Ins. Co., 113 Ky., 53, 23 R., 2265, 2300, 67 S. W., 67. It was there decided that the failure of the assured to surrender the policy or demand a paid-up policy was an election on his part, under the contract of insurance, to take the term insurance provided by the contract. In Drury's Administratrix v. New York Life Ins. Co. (115 Ky. 681, 25 R., 68), 74 S. W., 663, 61 L. R. A., 714, the principle announced in the Crutchfield case was reaffirmed. In that case the company contended that the insured was only entitled to a life policy for paid-up insurance, instead of extended insurance.

It is insisted for the appellees, however, that as they were infants, without statutory guardian, when the policy lapsed,

they were not bound by these conditions of the policy, and
are entitled to five years after attaining full age to make
their election, and sue for the amount due upon a paid-up.
policy. No authorities are cited to support their contention,
while, on the other hand it was decided in O'Laughlin v.
Union Central Life Ins. Co. (C. C.) 11 Fed., 280, (Judge
McCreary delivering the opinion), that the fact that the
beneficiaries named in the policy were minors would not
prevent the enforcement of conditions of this character. In
discussing this question, the court said: "It is said that,
because the beneficiaries are minors, therefore the condition
can not be enforced. I have been unable to find any author-
ity to support this proposition, and it seems counsel instanced
none. The guardian can bring the suit, and is bound
to bring it, under and according to the contract. It is not
a suit that can not be brought. It is not a suit that the
parties, by reason of their disability, can not bring. But
it is a suit which the guardian can bring, and is bound to
bring, I think, in accordance with the terms of the con-
tract."

In Suggs v. Ins. Co., 71 Tex., 579, 9 S. W., 676, 1 L.
R. A. 847, the policy contained the following clause: "No
suit or proceeding in law or equity shall be brought to re-
cover any sum hereby insured unless the same is commenced
within one year from the time the right of action accrued."
The contention was there made that this clause did not
apply to minors, who were beneficiaries. The court decided
that the exception in the statute did not affect the agree-
ment. The contract of the insurance company was with
Hiram H. Harvey. By the express terms of the contract, he
had the right at any time during the continuance of the
policy to change the beneficiaries. The mere fact that he

transferred the benefit from his estate to his three daughters could not change the express stipulations of the contract of insurance between them.  His assigns were equally bound thereby.  It is not contended that the assignees, subsequent to the assignment, paid the premium installments, or any contract was made with them by the company, and it can not be doubted for a moment that, if the assured had died within the period of extended insurance, appellees would have been prompt to have asserted their right, under the terms of the contract, and to the full amount of the policy.

We have reached the conclusion that the trial court erred in overruling the demurrer to the petition, and also in failing to give the jury a peremptory instruction to find for the defendant upon final trial.  For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.