Case 57.—ACTION BY MARY E. SUGG AGAINST THE AETNA LIFE INSURANCE CO. TO RECOVER ON LIFE OF HER DECEASED HUSBAND—May 5.

## Aetna Life Insurance Co. v. Sugg.

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

Life Insurance—Default—Paid-up Policy—Demand—Limitation—
S. took out a life policy for $5,000 in appellant company on
the twenty-payment plan, payable to his wife, the annual
premium being $203.90, on which he paid nine annual payments and defaulted, and died four years and eleven days
after making the first default. The policy under its terms
gave the insured after making three annual payments, the
right to surrender his policy and demand a paid-up policy
within twelve months after making default, which insured
failed to obtain. The beneficiary within five years after the
first default demanded that such paid-up policy be issued
to her for $2,150, which appellant refused and offered her
the "legal reserve," amounting to $1,190, which she refused.
Held—That she is entitled to recover the value of the paid-
up policy, $2,150, as though it had been applied for by the
insured within twelve months after the first default in the
payment of the premium.

THUM & CLARK for appellant.

POINTS AND AUTHORITIES.

1. The insured took out a twenty-pay policy for $5,000 in appellant company, paid nine premiums and defaulted in further
premiums. He died four and a half years after the first default.
Within five years from first default his wife and beneficiary demanded a paid-up policy for $2,150, which was refused, and brought
suit for that amount. Under the conditions of the policy the insured would have been entitled to a paid-up policy for that sum
if he had applied for it within twelve months after first default,
and in the event that he failed so to do then another condition
came into effect automatically by the terms of the policy providing for payment of the legal reserve as therein set out.

In such a state of case the second surrender value is what the
beneficiary is entitled to, calculated as prescribed in the policy.
When two or more substantial surrender values are provided in
the policy and one of them (for instance a paid-up policy),
may be had if applied for within a given time, if it be not applied
for within said time, then the other surrender value must take
effect; the limitation of time is valid and the conditions of the
policy are to be upheld as laid down therein. It is a perfectly valid,
legal and proper contract for the parties to make and will be enforced according to its terms. (Crutchfield v. Union Central Ins. Co.,

23 Ky. Law Rep., 2300; Drury v. New York Life Ins. Co., 25 Ky.
Law Rep., 68; Mut. Ben. Life Ins. Co. v. Harvey, 25 Ky. Law Rep.,
1992; New York Life Ins. Co. v. Meinken, 25 Ky. Law Rep., 2113;
2 May on Insurance, sec. 344b, note.)

2. It is not contrary to the principle laid down in the cases re-
ferred to below to enforce, just as made, a policy contract pro-
viding two or more alternative surrender values. The cases be-
low decide that a reasonable time (generally five years) will be
afforded within which to apply for a paid-up policy, the reason
being that otherwise a total forfeiture would result of all value
earned by the insured in continuously paying three annual pre-
miums before default. In all the cases in which this principle
is decided there was but one privilege or surrender value provided
in the policy, and if this were denied there was no alternative
whatever but forfeiture. (Washington Life Ins. Co. v. Glover, 25
Ky. Law Rep., 1327; Manhattan Life Ins. Co. v. Patterson, 22 Ky.
Law Rep., 1287, and all the other cases relied on by the appellee.)

H. S. McCHUTCHEN for appellee.


POINTS AND AUTHORITIES.

Henry H. Sugg was the owner of a participating twenty-year
life policy for the sum of $5,000 in the appellant company, by the
terms of which he was to pay to said company twenty annual
premiums of $203.90, beginning September 8, 1890. He paid nine
of the premiums and defaulted in the payment of the tenth, which
was due September 8, 1899. On September 19, 1903, he died.
His wife, Mary E. Sugg, was named as beneficiary in the policy,
and in the latter part of the year 1903, within five years after de-
fault in payment of premium, she made demand upon the ap-
pellant company that it issue to her a paid-up policy for $2,150,
as provided by the terms of the original policy, or pay to her
said sum. This demand of appellee was based upon section 2 of
the original policy, which provided for the paid-up policy if de-
manded within 12 months from date of default in payment of
premium, and upon the decisions of this court holding that in
such cases time is not of the essence of the contract, and she had
a reasonable time within which to demand the paid-up policy,
and that this court has held five years to be a reasonable time.
Section 3 of the policy provided for the payment to the beneficiary
the legal reserve in the event of forfeiture under section 2,
the respective amounts in each instance to be paid after satisfac-
tory proof of the death of the insured. Her demand was further
based upon the principles established in a long line of decisions
by this court providing against a forfeiture of a part as well as
a whole, and the fact that sec. 3 could not become operative until

the policy became null and void by the insured's failure to comply with sec. 2 and until he was divested of all rights thereunder. Appellee's contention is that secs. 2 and 3 do not constitute two surrender, values, respectively, and that she had five years within which to demand the paid-up policy as provided for by sec. 2, and that the policy never became null and void, and, therefore, sec. 3 does not govern her right of recovery herein. (Montgomery v. Phoenix Mutual Life Ins. Co., 77 Ky., 51; Mutual Life Ins. Co. v. Jarboe, 102 Ky., 80; Manhattan Life Ins. Co. v. Patterson, 22 Ky. Law Rep., 1287; Washington Life Ins. Co. v. Miles, 23 Ky. Law Rep., 1705; Equitable Life Ins. Co. v. Warren Deposit Bank, 25 Ky. Law Rep., 839; Washington Life Ins. Co. v. Glover, 25 Ky. Law Rep., 1327; Washington Life Ins. Co. v. Lyne, 26 Ky. Law Rep., 1070; Southern Mutual Life Ins. Co. v. Montague, 84 Ky., 654; Jackson v. Southern Mutual Life Ins. Co., 79 Ky., 407.)

OPINION BY JUDGE SETTLE—Affirming.

Henry H. Sugg, of Logan county, at 45 years of age procured on his life what is called a twenty-payment policy of insurance for $5,000 in the appellant company, and the annual premium on which was $203.90. He paid nine annual premiums, but failed to pay any subsequent premium maturing before his death, which occurred four years and eleven days after the first default in the payment of premium. After his death, and within five years of the time of the first default in the payment of premium, his widow, the appellee, Mary E. Sugg, beneficiary in the policy, demanded of appellant that it issue to her a paid-up policy for $2,150, or pay her that sum as provided by the terms of the first policy, and, her demand not being complied with, she brought suit against appellant to recover of it $2,150, the value of the paid-up policy as of the death of the insured. The answer of appellant denied that appellee was entitled to a paid-up policy for $2,150, or any other sum, or to recover of it that sum or any other, as the value of such policy, but admitted that she was entitled to receive what is designated in the policy is-

sued on the life of her husband as the "legal reserve," amounting to $1,198, which it paid into court and tendered appellee in satisfaction of her claim, but which she refused to accept. The lower court sustained a demurrer to appellant's answer, and, it failing to plead further, judgment was rendered in appellee's behalf for $2,150, as the value of a paid-up policy, and of that judgment appellant now complains.

Sections 2 and 3 of the policy issued by appellant on the life of Henry H. Sugg contain the provisions bearing on the questions presented by the record. They are as follows:

"Sec. 2. When the premiums of this policy have been paid as they become due for three years or more, and default thereafter occurs in the payment of any premium, a paid up non-participating stock policy will be issued in accordance with the printed table on the reverse of this page, provided this policy is surrendered and returned to this company and application made for said paid-up policy within twelve months from the time of the first default of the payment of premium, otherwise this policy shall become and be null and void, except as provided in section 3 of these conditions; and in determining the amount of paid-up insurance to be issued, the premiums paid for entire years only will be considered.

"Sec. 3. In every case where this policy shall be or become void, if the premiums for three entire years have been paid, the legal reserve at end of last policy year for which the entire premium has been paid, calculated according to the actuaries' table of mortality and 4 per cent. interest shall not be forfeited to said company, but the same shall be due and payable ninety days after satisfactory proof of the death of the said insured."

It is contended by appellant that though the in-

sured, under sec. 2 of the policy, would 'have been en-
titled to a paid-up policy for $2,150 if he had applied
for it within 12 months after the first default in the
payment of premium, as he failed to do so the policy
became null and void, notwithstanding which, under
the condition expressed in sec. 3, he automatically
became entitled to the legal reserve at the end of the
·last policy year for which the entire premium had
been paid, calculated ·according to the Actuaries'
Table of Mortality, and 4 per cent.' interest, pay-
able in 90 days after satisfactory proof of the death
of the insured.  In other words, it is appellant's con-
tention that two substantial surrender values are pro-
vided in the policy. and that where this is the case,
and one of them may be had if applied for within a
given time, but is not applied for within such time, then
the other surrender value must take effect; the limi-
tation of time is valid, and should be enforced as any
other condition of the contract.  In support of this
view, appellant cites the cases of Crutchfield v. Union
Central Life Insurance Co., 113 Ky., 53, 67 S. W.,
67, 23 Ky. Law Rep., 2300; Drury's Adm'x v. New
York Life Ins. Co., 74 S. W., 663, 25 Ky. Law Rep.,
68, 61 L. R. A., 714; Mutual Benefit Life Ins. Co. v.
Hervey, 117 Ky., —, 79 S. W., 218, 25 Ky. Law., 1992;
New York Life Ins. Co. v. Meinken's Adm'r, 80' S.
W., 175, 25 Ky. Law Rep., 2113, and 2 May on Insur-
ance, sec. 344b, note.  In each of the cases cited the
policy allowed the insured, in payment of premium,
after the third premium had been paid, in the event of
default, to have his legal reserve applied in payment
of other paid-up insurance, if applied for in a given
time and the first policy surrendered; but if no de-
mand was made for such paid-up insurance in the
specified time, then the reserve was applied by the
terms of the policy to the purchase for the insured of

extended or term insurance, payable after the death of the insured, if such death should occur within a limited time after default in payment of premium. That is, the insured had two options, which by the terms of the policy, had to be exercised within a given time, consequently time was of the essence of the contract. But while the failure of the insured to surrender the old policy and demand a paid-up policy within the specified time constituted a bar to his right to thereafter demand a paid-up policy, it did not forfeit his reserve, i. e., that portion of the annual premiums the company is by law required to set apart for the payment of the policy at a certain date or at the death of the insured. The failure to demand the paid-up policy was treated, however, as an election on the part of the insured to take the term or extended insurance, which thereupon automatically went into effect. The policy in the case at bar is unlike those involved in the cases, supra. Under its provisions the reserve of the insured could be used by him in the purchase of but one kind of insurance— the paid-up life—therefore he had but one option, which was to surrender the policy and demand of the company a paid-up policy. His failure, however, to make such demand did not forfeit the reserve, or authorize its application to the purchase of extended or term insurance; it was simply retained by the company until his death.

Section 3 in the policy can have no effect until "the policy shall be or become void," as provided by sec. 2. Should it be held by this court that the failure of the insured to demand a paid-up policy within 12 months after default in payment of premium rendered the policy void, it would result in confining appellee's recovery to the amount of the legal reserve, which, being much less in amount than the value of

a paid-up policy, would in effect cause a forfeiture to the extent of the difference in these amounts. This court has in recent years in numerous cases held that five years is a reasonable time in which a demand might be made for a paid-up policy or its value. (Washington Life Ins. Co. v. Miles. &c., 112 Ky., 743, 66 S. W., 740, 23 Ky. Law Rep., 1705; Equitable Life Ins. Co. v. Warren Deposit Bank, 76 S. W., 391, 25 Ky. Law Rep., 839; Washington Life Ins. Co. v. Glover, 78 S. W., 146, 25 Ky. Law Rep., 1327; Washington Life Ins. Co. v. Lyne, 119 Ky., —, 83 S. W., 122, 26 Ky. Law Rep., 1070.) The demand was made in this case and brought within five years next after the first default in payment of premiums by the insured.

Finding no reason for distinguishing the policy in this case from those of the cases in which the five-year rule was applied, the judgment is affirmed.