## Equitable Life Assurance Society of U. S. v. Amos, et al.

(Decided October 31, 1911.)

### Appeal from Warren Circuit Court.

1. Insurance, Life—Right of Insured to Paid-up Policy—Demand for, When to be Made.—Although a policy of insurance provided that the insured should not have the right to demand a paid-up policy after the expiration of three months from the time when his right

to such a policy first accrued, the court will allow him five years within which to make such demand.

2.   Same—Paid-up Policy—Sufficiency of Demand for.—Where a policy of insurance provides that when the insured has paid a certain number of premiums, he will be entitled upon demand to a paid-up policy, it is not essential that any formal set words should be used in making the demand. Any language that conveys to the insurance company notice that the insured will not pay any further premiums and desires a paid-up policy will be sufficient. Nor is it essential to the validity of the demand that the insured shall demand a paid-up policy for a specified sum, or that he shall accept the offer to give him a paid-up policy for a certain amount. When he makes the demand, although the parties may not be able to agree upon the amount of the paid-up policy, or, a paid-up policy is never issued, the rights of the insured will be saved.

3.   Same—Limitation of Action When Demand is Made.—When a demand for a paid-up policy is made, the insured has fifteen years thereafter to maintain an action to require the issual of a paid-up policy for the amount to which he is entitled; and if he dies before the fifteen years, the beneficiaries in his original policy may bring an action to recover the amount of the paid-up policy to which the insured was entitled when he defaulted.

WRIGHT & McELROY, HUMPHREY & HUMPHREY for appellant.

SIMS & RODES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1870, the appellant company issued to W. P. Mansfield, then about 53 years of age, a policy of insurance, obligating itself in consideration of the payment by him of an annual premium of $271.55 to be paid on or before the 28th day of May in every year during the continuance of the policy, to pay to the children of Mansfield within sixty days after notice of his death the sum of five thousand dollars. It was further stipulated in the policy that—

"The said Society do hereby further promise and agree that if, after premiums upon this policy for not less than three complete years of assurance have been duly received by said Society, this policy should cease in consequence of default in payment of a subsequent premium, said Society will, on due surrender of this policy, and of the profits thereon, issue, in lieu thereof, provided such surrender be made within three months from the date of said default, a new paid-up policy for an equitable amount."

Mr. Mansfield paid the premiums upon his policy annually until the 28th day of May, 1896. He defaulted in the premium due upon this.date, and did not pay any subsequent premiums. He lived until 1910, and after his death his executors and children brought this action against the company to recover $3,700, that being the amount it was alleged he was entitled to as paid-up insurance at the time of his default. The lower court upon hearing the case, gave judgment against the company for $3,150, with six per cent. interest thereon from August 24th, 1910, the date when the petition was filed. It is charged in the petition that the insured within five years from May 28, 1896, demanded from the company a paid-up policy, and that the company offered to issue one for $3,150, which offer was not accepted because said offer was not within the meaning of the policy ''an equitable amount'' for which a paid-up policy should be issued. It is further averred in substance that if it should be ruled that no demand for a paid-up policy was made in accordance with the terms of the contract, the company waived its right to plead the failure to make demand by (a) tendering to the insured a paid-up policy for a less amount than he was entitled to, (b) by the fact that it notified him that he could not have the paid-up policy if the beneficiaries, to-wit: His children, were under the age of twenty-one years at the time he defaulted in the payment of the premium.

The answer of the company denied that a demand was ever made for a paid-up policy, or that the amount of the paid-up policy offered was inequitable, or that the society led the insured to believe that he could not get a paid-up policy unless all of his children were over twenty-one years of age, and pleaded and relied upon the lapse of time as a bar to the action.

The case presented by the beneficiaries of the insured is a very meritorious one. The insured for twenty-six years paid annually the premium stipulated in the policy, amounting in the aggregate to about seven thousand dollars; but the company resists the payment of any sum upon the ground that the insured did not within the time allowed for that purpose demand, as he might have done, that it issue to him a paid-up policy for an equitable amount. As the policy expressly stipulates that if the insured after the payment of three annual premiums defaults in the payment of a premium, the company will

on surrender of the policy issue to him a paid-up policy for an equitable amount, the first question that naturally suggests itself is did the insured within the time allowed by law demand a paid-up policy. If he did, it was the duty of the company to issue him one for an equitable amount. Although the policy provides that the demand for a paid-up policy must be made within three months from the date of the default in the payment of a premium, we have held in a number of cases that this demand may be made within five years from the time it accrued. Metropolitan Life Ins. Co. v. O'Neil, 116 Ky., 742, Aetna Life Ins. Co. v. Sugg, 120 Ky., 449. This feature of the case, however, need not be further noticed as if demand was made at all it was made in time. We have also held that if a demand was made within the time mentioned, the insured had fifteen years from the time the demand was made in which to institute an action to obtain the relief to which he was entitled. Washington Life Ins. Co. v. Lyne, 119 Ky., 163. So that, if demand was made, the beneficiaries in the policy were entitled to the relief granted by the lower court as the action was instituted within fifteen years from the time the demand was made.

The insured paid the premium due on the 28th day of May, 1895. Another premium was due on the 28th of May, 1896. On May 22, 1896, a few days before the premium was due, the insured wrote to the general agents of the company the following letter:

"I have tried several times to make a satisfactory settlement with you all and have made a decided failure every time. Now, I have fully decided that I am not going to pay you another cent. I have paid you $6,000 cash. and if you can't take my life for that, all will have to go. I have been borrowing money for some time to carry this policy, and I am not going to pay another cent. Mr. Rhode told me when I took out my policy that when I paid $5,000 cash, my policy would be self-sustaining, and I have two witnesses who will make affidavit to that effect. Now, this has to be settled sometime, and you will please let me know what is the best you will do—what you will give for a paid-up policy, etc. I would like to hear at your earliest convenience."

In reply to this letter, the general agents of the company on June 1, 1896, wrote the following:

"We are advised by the Society that on return with

proper release on policy 53870 on your life on May 28, 1896, or within six months thereafter, if premiums be paid to said date, and the premium due on said date not paid, they will pay in cash the sum of $2,022.30 if no minor children, or give a paid-up policy for the fixed amount of $3,150; but, unless otherwise expressly agreed, this offer will not be binding after the termination of the said six months. To secure the cash value, an affidavit would be required, giving the names and dates of birth of all your children, and parties in interest would be required to join in the release. I trust, however, that you will not accept either value, but will continue the policy to the end of the contract."

At this point it may be said that previous to the letter written by Mansfield on May 22, 1896, several letters had been exchanged between him and the company in reference to this policy; Mansfield contending that the company agreed through its agent at the time he took the policy that when he paid premiums amounting to $5,000, the company would issue to him a paid-up policy for this amount, and it was this understanding of his rights that induced him in the letter of May 22, 1896, to refer to the fact that he had been told when he took out his policy that when he paid $5,000 in cash his policy would be self-sustaining. It does not appear that there was any correspondence or communication between Mansfield and the company after the letters of May 22, 1896, and June 1st, 1896; so that, the question is, was the letter of May 22, 1896, a demand for a paid-up policy? When this letter was written, the insured was entitled to a paid-up policy, but there was a difference between the insured and the company as to what the amount of the paid-up policy should be—he insisting that he was entitled to a paid-up policy for $5,000, while the company only recognized his right to a paid-up policy for $3,150. And it is reasonable to infer from the correspondence that took place previous to May 22, 1896, and from the fact that in the letter of June 1st, the company notified him that it would only issue a paid-up policy for $3,150, that he was so much dissatisfied with the offer made that he declined to accept it. But it does not follow from the fact that he declined to accept the paid-up policy for $3,-150 that he did not demand a paid-up policy. It is not at all necessary to entitle the beneficiaries to the relief sought in this action that it should appear that the in-

sured and the company agreed upon the amount of the paid-up policy the insured was entitled to, or that the insured made a demand for a paid-up policy in a specified amount, or that he declined to accept a paid-up policy for the amount offered. In cases like this, it is only necessary to save the rights of the insured that he shall in substance and effect demand within the time allowed a paid-up policy. No particular form of demand is necessary, nor is it material in what language the demand is worded—so that it is in fact a demand for the policy to which the insured upon default in the payment of premium is entitled, or, to state it differently, notice to the company that the insured will not pay any future premiums and wishes issued to him a policy for the amount due him under the contract. Clauses in contracts of insurance, like the one in question, should be construed as liberally as the conditions imposed will permit for the benefit of the insured. Forfeitures, such as the company seeks to enforce in this case, are not favored by the law. The company has not lost anything by the fact that a paid-up policy for $3,150 was not issued in 1896. It is only required by the judgment to do that which it agreed to do and was paid to do. It knew that if the insured did not pay any other premiums, he was entitled to a paid-up policy. It must have known that his statement that he was not going to pay any other premiums was in fact a demand for such a policy. And, as it was only necessary so far as the question in this case is concerned that demand should be made, it is not at all important whether a paid-up policy was issued, or whether the parties agreed upon the amount for which a policy should be issued. It is true that in the letter he asked the company to advise him what amount he would be entitled to a paid-up policy for, and that the company did give him the information, but, neither the inquiry upon his part nor the reply made by the company should be construed as a withdrawal of the demand made by the positive statement that he would not pay any further premium. The situation is the same as if he had demanded a policy for five thousand dollars and the company had offered him one for $3,150. His refusal to accept the policy offered by the company did not have the effect of destroying the efficacy of the demand made. The letter written by the company is itself evidence of the fact that the company understood the letter of May 22, 1896, as a demand for a paid-up policy. In that let-

ter they told the insured the amount for which they would issue to him such a policy. He declined to accept the offered policy, and that ended the matter. Having made demand, this saved the right at any time within fifteen years thereafter to bring a suit for a paid-up policy during the life of the insured or to recover the amount that a paid-up policy should have been issued for in the event the insured died before the expiration of the fifteen years.

Wherefore, the judgment is affirmed.