# Equitable Life Assurance Society of United States v. Johnson's Administrator.

(Decided Nov. 27, 1934.)

WM. MARSHALL BULLITT, EUGENE B. COCHRAN, WILLIAM B. LOCKHART and BRUCE & BULLITT for appellant.

FRANK P. DAMRON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On July 29, 1924, the Equitable Life Assurance Society issued to T. N. Johnson a policy insuring his life in the sum of $1,000, and providing for disability benefits of $10 a month. The material provisions of the policy are as follows:

"[1] Disability Benefits before age 60 shall be effective upon receipt of due proof, before de-

fault in the payment of premium, that the Insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the Insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits:

"[a] Waive Payment of All Premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent disability; and

"[b] Pay To The Insured A Monthly Disability-Annuity as stated on the face hereof; the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability, provided that if this policy is continued under the Endowment conversion option, the Disability-Annuity payments shall continue only during such total and permanent disability until the maturity of the Endowment.

"Disability shall be deemed to be total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such Total Disability shall be presumed to be Permanent when it is present and has existed continuously for not less than three months; * * *

"[III] Recovery from Disability.

"The Society shall have the right at any time or times during the first two years after receipt of such proof of disability, but thereafter not more frequently than once a year, to require proof of the continuance of such total disability. If the Insured shall fail to furnish satisfactory proof thereof, or if it appears at any time that the Insured has become able to engage in any occupation or perform any work for compensation of financial value, no further premiums will be waived and no further Disability-Annuity payments will be made hereunder on account of such disability.

"Options on Surrender or Lapse.

"After three full years' premiums have been paid hereon, upon any subsequent default in the payment of any premium or instalment thereof, and

within three months after such default, this policy may be surrendered by the Insured [or assignee if any] who may elect either of the following options:

"[a]   To receive the Cash Surrender Value of this policy; or

"[b]   To purchase non-participating paid-up life insurance payable at the same time and on the same conditions as this policy, but without double indemnity or total and permanent disability benefits.

"In the event of default in the payment of any premium or instalment thereof after this policy has been in force three full years, if the Insured [or assignee if any] does not select either of said options within three months of such default, the policy shall become automatically paid-up under Option [b]."

Johnson became disabled early in 1925, and the insurance company paid him disability benefits at the rate of $10 a month. At the request of the company, Dr. Taylor, of Huntington, W. Va., examined Johnson on October 8, 1926, and reported that he did not think that Johnson was then totally and permanently disabled. Thereupon the company claims to have mailed Johnson the following notice, both to Hartley, Pike county, Ky., and to the Transportation building, Washington, D. C.:

"Serial Notice No. 2527
"State of Issue D. C.
"October 26, 1926

"Claim No. 4527                    Policy No. 3,487,232

"Please take notice that as it now appears that the insured under the above numbered policy is no longer totally and permanently disabled, as defined in the above numbered policy, no further premiums will be waived by the Society and no further disability instalments will be paid by the Society. In order, therefore, to maintain the policy in full force and effect, premiums commencing with that due May 24, 1927, must be paid.

"W. B. Parsons, Superintendent, Bureau of Policy Claims."

The company also claims to have notified Johnson on August 24, 1927, that his policy had lapsed for non-payment of the premium due May 24, 1927, and had become a paid-up life policy for $165. Johnson died on

October 13, 1931, and his administrator brought this suit to recover on the policy. From a judgment in his favor for $1,000, the face amount of the policy, and $520 in disability benefits, the company appeals.

The evidence shows that Johnson was a member of a law firm in Washington city that specialized in tax matters. Early in 1925 he was afflicted with multiple neuritis, a nervous disease. For a while he was confined in a sanitarium, but spent most of the time in Pike county. The evidence tends strongly to show that at no time after he became disabled was he ever able to do any work, and that this condition continued until his death. Indeed it is not seriously contended that the evidence of total and permanent disability was not sufficient to make an issue for the jury, but appellant's main contention is that the court should have peremptorily instructed the jury to find a verdict for $165 and no more. The basis of this contention is: It appeared from a medical examination on October 10, 1926, that Johnson had recovered from his disability. He was then notified that no further benefits would be paid; that no further premiums would be waived; and that the premium falling due in May, 1927, must be paid to keep the policy in force. In May, 1927, he lapsed the policy by failing to pay the premium, and accepted, agreed to, and acquiesced in the company's action in converting the policy into a paid-up life policy for $165. After that he made no further claim, furnished no further proofs of disability, paid no more premiums, was silent and satisfied, and for four and one-half years acquiesced without complaint in the disposition of his rights under the policy. It does not satisfactorily appear that Johnson ever received the notices claimed to have been mailed by the company, or that if they were received, his mental and physical condition were such as to enable him to take the necessary steps to protect his rights; but, assuming that the notices were sent and received, and that he had mind and strength enough to understand and assert his rights, we are not disposed to the view that the facts relied on constitute a defense to the policy. The company agreed to waive payment of all premiums falling due after receipt of proof, and during the continuance of total and permanent disability, with the additional provision that no further premiums would be waived if the assured should fail to furnish satisfactory proof of the continuance of total

disability, or if it appears at any time that the insured has become able to engage in any occupation or perform any work for compensation of financial value. The company did not demand proof of the continuance of disability. It merely notified Johnson that it appeared that he was no longer totally and permanently disabled. In our opinion the word "appears" is not· used in the sense of "seems," or "having a certain semblance," but is used in the sense of "being obvious or manifest," or "as a thing proved." In short, the company may not absolve itself of further liability by merely notifying the insured that it appears that he is no longer totally and permanently disabled, unless as a matter of fact he is no longer unable to engage in his occupation. Any other view would put it in the power of the company to end its liability at any time by acting on an appearance that had no foundation in fact. Nor do we think that Johnson's failure to take further steps added anything to appellant's defense. One does not lose his rights by mere acquiescence short of the limitation period, unless accompanied by some element of estoppel. If, as a matter of fact, Johnson was totally and permanently disabled on October 8, 1926, and this condition continued up to the time of his death, it is not perceived how Johnson's silence and failure to act prejudiced appellant in any way. Notwithstanding his silence, it is now paying only that which it ought to have paid in the first instance. The case of Crutchfield v. Union Central Life Ins. Co., 113 Ky. 53, 67 S. W. 67, does not announce a contrary doctrine. All that that case held was that where a policy provides that if insured, after paying three·annual premiums, shall fail to pay a premium when due, the company will issue a paid-up life policy · upon surrender of the contract, but that if no such surrender be made, the policy shall become a paid-up term policy, the insured, by failing to surrender the policy or demand a paid-up policy, elects to take a paid-up term policy, and no cause of action exists on a paid-up policy.

The instructions were not unfavorable to appellant, and are not so conflicting and confusing as to be prejudicial.

Judgment affirmed.