Drury's Admx. v. New York Life Insurance Co.

CASE 83—ACTION BY CHARLES N. DRURY'S ADMX. AGAINST THE NEW YORK LIFE INSURANCE COMPANY ON A POLICY OF INSURANCE.— MAY 28.

# Drury's Admx. v. New York Life Ins. Co.

APPEAL FROM UNION CIRCUIT COURT.

FROM A JUDGMENT GRANTING INSUFFICIENT RELIEF PLAINTIFF APPEALS. REVERSED.

LIFE POLICY—STIPULATIONS—EXTENDED INSURANCE—SURRENDER VALUES—PREMIUM NOTE—RECITALS.

Held: An insured in a life policy which contained a "table of loans and surrender values in paid-up insurance or extended insurance" available at the end of the third year of the policy, and which stipulated that the policy should be forfeited after being in force three full years, and that, if any subsequent premium was not paid, the policy would be indorsed for the amount of paid-up insurance specified in the table on the surrender of the policy within six months after such nonpayment, or, if the policy was not surrendered, the insurance, without request, would be extended for the face of the policy during the term provided

in the table of loans and surrender values—executed for the fourth annual premium his note, reciting that unless the interest thereon and subsequent premiums should be paid, the policy should be forfeited "except as to the right to a surrender value or paid-up policy." The insured failed to pay the interest and subsequent premiums, and died within the period fixed in the table for extended insurance. HELD, that the stipulation in the note for the forfeiture of the policy did not destroy the right of the insured to the extended insurance, it being one of the "surrender values" provided for in the "table of loans and surrender values."

DRURY & DRURY AND H. X. MORTON, FOR APPELLANT.

The policy sued on was issued July 7, 1897, and one year's premium paid in advance, and the premiums due July 7, 1898, and July 7, 1899, were likewise paid in cash. The policy expressly provides that after it has been in force three years *it can not be forfeited.*

Under the terms of the policy, after making three full cash payments the policy was extended *without request or demand,* during the term provided in the table entitled "Table of Loans and Surrender Values in Paid-up Insurance or Extended Insurance," and by reference to this table we find that at the end of the third year insured would have been entitled to four years and ten months' extended insurance. There was then no indebtedness against him, nothing for him to pay, and as he died before the end of the extended term his administratrix is entitled to the entire $1,000 covered by the policy.

It is contended, however, that at the end of the fourth year he gave his note for the premium then due, by which he made a new contract agreeing that unless the interest on the note and the premiums are duly paid the policy shall immediately become forfeited.

We submit that the condition in said note declaring the policy forfeited is against the declared policy of our law, Kentucky Statutes, section 656, which in terms provides that "no life insurance company nor agent thereof shall make any contract of insurance *or agreement as to such contract,* other than is plainly expressed in the policy issued thereon," and by the express terms of the policy making it *nonforfeitable* after the payment of the third premium the new contract or assignment is not enforceable, where the insured dies during the period of extended insurance provided by the terms of the policy by the payment of the third premium.

### AUTHORITIES CITED.

Ky. Stats., secs. 656 and 659; Manhattan Life Ins. Co. v. Myers, 22 R., 875; Montgomery v. Phoenix Life Ins. Co., 14 Bush, 51; Northwestern Mutual Life Ins. Co. v. Fort's Admr., 82 Ky., 274; Cravens v. New York Life Ins. Co., 71; Am. St. Rep., 628 (53 L. R. A., 305).

HUMPHREY, BURNETT & HUMPHREY, ATTORNEYS FOR APPELLEE.

It is admitted that three annual premiums were paid in cash, and by virtue thereof the insured was entitled to paid-up insurance for $150, provided he should elect not to pay any further premium at or after July 7, 1900. By the terms of the policy, at that date, upon his signifying his election not to pay any further premium, it is conceded that he would have been entitled to extended insurance for $1,000 for four years and ten months. It is admitted, however, that he did not exercise his election as to extended insurance, but on said date, July 7, 1900, executed his note to the company, which is as follows:

### "PREMIUM LIEN NOTE.

$29.70.                                      July 7, 1900.

"Twelve months after date I promise to pay to the order of the New York Life Insurance Company at the office of said company in the city of New York, the sum of twenty-nine and seventy one-hundredths dollars, with interest in advance at the rate of five per cent. per annum (for value received), being for premium due July 7, 1900, on policy No. 801525, issued by said company on the life of Charles N. Drury.

"It is understood and agreed:

"1. That this note may be renewed if the interest thereon and subsequent premium on said policy are duly paid.

"2. That unless said interest and premiums are duly paid, said policy and its accumulations shall immediately become forfeited and void, except as to the right to a surrender value or paid-up policy which may be provided in said policy, or by statute.

"3. That in the settlement of any claim or any benefit under said policy, before this policy shall have been fully paid the amount thereof shall be deducted from the amount otherwise payable by said company.

"Signed, CHARLES NEWMAN DRURY."

It is admitted the insured failed to pay either the interest or principal of said note, that he did not pay or offer to pay any part of the premium due for the ensuing twelve months, that no demand was made by him to surrender the policy and no application was made for paid-up insurance, but it is contended that by virtue of the payment of three premiums in cash, and

by virtue of the execution of the note he was *ipso facto* entitled to extended insurance from July 7, 1901, for eight years and one month.

The contention of the company is that by the terms of the contract as appears in the policy and in the note, the insured waived or abandoned the right to extended insurance by his failure to pay the interest and the face of the note at maturity or within a reasonable time thereafter.

### AUTHORITIES CITED.

Union Central Life Ins. Co. v. Buxer, 49 L. R. A., **737**; Rife **v.** Union Central Life Ins. Co., 62 Pa., 48; Omaha Nat. Bank v. Mutual Benevolent Life Ins. Co., 81 Fed., 935.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 7th day of July, 1897, the New York Life Insurance Company issued and delivered to Charles N. Drury a policy for $1,000 upon the 20-years payment life plan, payable to his executors, administrators, or assigns, or such other beneficiary as might be designated by the insured, in consideration of $29.70 paid in advance, and the payment of a like sum on the 7th day of July in every year during the continuance of the policy until twenty full years' premiums should have been paid. As an inducement to take the policy, the company offered certain special advantages in the way of loans and surrender values, which were set out in a table on the second page of the policy, and which were made a part of the contract of insurance, and which are as follows:

Table of Loans and Surrender Values in Paid-up Insurance or Extended Insurance, under the conditions specified on next page.

| At the end of | Loans. | Surrender Values. | |
| | | Paid-up Insurance. | Extended Ins. for $1000.00 for the term of |
|---|---|---|---|
| 3d Year ........... | $40 00 | $150 00 | 4 yrs. 10 mon. |
| 4th Year........... | 55 00 | 200 00 | 8 yrs. 1 mon. |
| 5th Year........... | 72 00 | 250 00 | 11 yrs. 4 mon. |
| 6th Year........... | 88 00 | 300 00 | 14 yrs. 3 mon. |

On the third page of the policy, under the head of "Benefits and Provisions," the policy contained these stipulations:

"This policy can not be forfeited after it shall have been in force three full years as hereinafter provided:

"First. If any subsequent premium is not duly paid, this policy will be endorsed for the amount of paid-up insurance payable at the death of the insured, specified in the table on the preceding page, less the value of any indebtedness on this policy, provided demand is made therefor with the surrender of this policy within six months after 'such nonpayment, or,

"Second. If any subsequent premium is not duly paid, and if this policy is not surrendered as provided in the preceding clause, the insurance under this policy, will after the repayment of any indebtedness, be extended without request or demand therefor, for the amount of one thousand dollars, during the term provided in the table on the preceding page, payable only if the insured dies within said term. At the end of said term, if the insured is then living, this policy shall cease and determine."

The annual premium of $29.70 was paid when the policy was issued, and on the 7th day of July, 1898, and 1899. On the 7th day of July, 1900, the insured, Drury, failed to pay in cash the premium of $29.70 in advance, and by agreement with the company executed the following note:

"Premium Lien Note.

"$29.70                                July 7, 1900.

"Twelve months after date I promise to pay to the order of the New York Life Insurance Co., at the office of said company in the city of New York, the sum of $29.70, with interest in advance at the rate of five per cent. per annum (for value received), being for premium due July 7th on

policy number 801,525, issued by said company on the life of Charles N. Drury.

"It is understood and agreed:

"First. That this note may be renewed if interest thereon and subsequent premiums on said policy are duly paid.

"Second. That unless said interest and premiums are duly paid, said policy and its accumulations shall immediately be forfeited, except as to the right to a surrender value or paid-up policy, which may be provided in said policy or by statute.

"Third. That in the settlement of any claim or any benefit under said policy before this obligation shall have been fully paid, the amount thereon shall be deducted from the amount otherwise payable by said company.

"[Signed]                    Charles N. Drury."

Drury failed to pay either the principal or interest on this note at maturity, and he also failed to pay any part of the premium of $29.70 for the ensuing twelve months, which fell due on the 7th day of July, 1901, and departed this life intestate, on the 16th day of August, 1901. And the appellant, Ann T. Drury, shortly thereafter qualified as his administratrix, and forwarded to the company proofs of the death of the insured, and demanded the payment to her under the terms of the policy of $1,000, with interest from October 4, 1901, and, payment being refused by the company, instituted this suit against appellee on the 11th day of October thereafter.

The company, in its answer, admitted the issual of the policy and the payment of the premiums for the years 1897, 1898 and 1899; that no application was made by the insured for paid-up insurance; but denies that it was indebted to the appellant in any amount exceeding $84, and the second paragraph of the answer reads as follows: "Defendant

says that by the terms of the contract above quoted the
assured waived and surrendered his right to extended insur-
ance by refusing or failing to pay the interest on his premi-
um note above set out, and by refusing or failing to pay
the premium due July 7, 1901.  Defendant says that by the
terms of the premium lien note quoted supra it was ex-
pressly agreed, in addition to the contract set out in the
policy, and in conformity therewith, 'that, unless said in-
terest and premiums are duly paid, said policy and accu-
mulations shall immediately become forfeited and void, ex-
cept as to the right to a surrender value or paid-up pol-
icy;' that the assured, by the terms of the policy above set
out, and by the terms of the premium note aforesaid, is
entitled to a paid-up policy only as specified in the policy.
less the amount of his indebtedness at the time to the com-
pany, leaving a net amount, as of date July 7, 1901, of $84,
for which amount this defendant hereby offers to confess
judgment in full of· plaintiff's recovery."

A general demurrer was filed by plaintiff to the defend-
ant's answer, and it was overruled, and, plaintiff declining
to plead further, it was adjudged by the trial court that the
plaintiff recover judgment for $84, with interest from the
16th of August, 1901, until paid, and so much of her peti-
tion as sought to recover more than this sum was dismissed,
and plaintiff has appealed.

It is admitted that the conditions of the policy had all
been complied with by the assured up to the time he ex-
ecuted the note of July 7, 1900, for the premium then due,
carrying the policy up to July 7, 1901; and that by the ex-
press terms of the policy he was on that date entitled to a
loan of $40, or to a paid-up policy of $150, or to extended
insurance for $1,000 for four years and ten months.  It is
also admitted that, if the appellant had not executed the

premium note relied on, or paid any of the subsequent premiums in accordance with the terms of his contract, and had died at any time within four years and ten months from the 7th of July, 1900, that his administratrix would have been entitled to recover the full amount of the policy. But the defendant insists that the note given on the 7th of July, 1900, contained a new contract between the company and the assured, by which it was agreed that, unless the principal and interest of the premium note was paid at maturity, the policy and its accumulations were immediately forfeited, except as to the right of the assured to a paid-up policy for $150, less the indebtedness of the assured to the company growing out of the execution of the note. It does not seem to us that this is a fair construction of the second condition attached to the premium note of July, 1900, While it recites that, unless the interest and premiums are duly paid, the policy and its accumulations shall be forfeited it expressly stipulates that the right to a surrender value or paid-up policy provided in the policy shall remain intact. Under the head of "Surrender Values," in the table of loans and surrender values set out on the second page of the policy, we find paid-up insurance and extended insurance both under the head of "Surrender Values;" and under the head of "Nonforfeiture Provisions," on the third page of the policy, we find it provided that, if any subsequent premium is not duly paid, this policy shall be indorsed for the amount of paid-up insurance, payable at the death of the insured, specified in the table on the preceding page, less the amount of indebtedness on this policy; provided demand is made therefor with surrender of this policy within six months after such payment. There is no pretense that the insured ever complied, or attempted to comply, with this provision of the policy. It therefore follows

that his right to a policy for paid-up insurance was abandoned. In the second condition under this head it is provided that if any subsequent premium is not duly paid, and if the policy is not surrendered as in the preceding clause, the insurance under this policy will, after the repayment of any indebtedness, be extended without request or demand therefor for the amount of $1,000.00 during the term provided in the table on the preceding page, payable only if the insured dies within said term. At the end of said term, if the insured is then living, the policy shall cease and determine. It will be observed that extended insurance for the full amount of the policy is one of the surrender values expressly provided for, and the only one which, under all conditions, is not forfeitable. Paid-up insurance is also a surrender value, but, to enable the insured to take advantage of this provision, the policy requires that the insured should, within six months after failure to pay a premium, surrender his policy and demand paid-up insurance. If the contention of the company is a sound one, the effect of the failure of the insured to pay the interest and premium note at maturity is to exactly reverse these conditions of the policy. In other words, it forfeits automatically the provision for extended insurance, and revives the provision for a paid-up policy, which had been forfeited by the assured's failure to make demand therefor and surrender his policy within six months. The law does not favor forfeitures, and will not assume that the assured intended by the execution of the note of July, 1900, to forfeit the right to extended insurance, which he had already acquired by the payment of three annual premiums on the policy. The only reasonable construction which can be put upon the language of the policy and note is that on the forfeiture of the policy

by the nonpayment of interest assured forfeited all right to further participate in accumulations, to receive dividends, to be reinstated after the lapse of the policy, etc.; but did not surrender his right to extended insurance for the term earned by the premiums paid. Nor can we doubt that, if the insured had made a demand for paid-up insurance at the time of his default in the payment of the premium note and interest, the company would have been prompt to claim that he was not entitled to a paid-up policy, as he had failed at the proper time to make demand therefor, but only to such extended insurance as his interest in the policy would purchase after the payment of his indebtedness to the company.

It therefore follows that the judgment must be reversed, and cause remanded, with instructions to sustain plaintiff's demurrer to the defendant's answer, and for other proceedings consistent with this opinion.