## Inter-Southern Life Insurance Company v. Morrow.

(Decided November 16, 1928.)

EATON & BOYD for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On the 15th day of August, 1922, Shannon P. Morrow procured from the appellant the policy of insurance upon his life which is the subject-matter of this suit. He paid

to the appellant at that time the first year's premium of $20.75. On the 15th days of August, 1923 and 1924, he paid the premiums then falling due. Thus the policy of insurance was carried up to the 15th day of August, 1925, at which time it had been in force for 3 full years. On the 15th day of August, 1925, Morrow executed his note to the appellant for the premium then due. So far as pertinent, the note reads:

"One year after date I promise to pay to the Inter-Southern Life Insurance Company $20.75, being indebtedness due 8—15—25, on the above numbered policy, with interest at the rate of 6 per cent. per annum. I agree that the above amount shall be a lien on said policy and shall be deducted with compound interest at the rate of six per cent. per annum from any cash settlements made under the policy. . . . It is also agreed that in the event of default of payment of any premium on said policy this note will thereupon become immediately due and payable and the amount hereof with any accrued interest hereon shall be deducted from the cash balance of the said policy and the balance, if any, shall be applied to the purchase of extended insurance in accordance with the method used in calculating the extended insurance values contained in said policy."

On August 15, 1926, there was due on this note the principal of $20.75 and interest of $1.25, or a total of $22. The note was never paid, nor was the premium due on August 15, 1926, paid. It is true that a note due on October 15, 1926, for the premium due August 15, 1926, was executed. This last note, however, provided that, if it was not paid when it became due, as it was not, it should be null, void, and of no effect, and that the status of the parties should be the same as it was on August 15, 1926, and as though this note of August 15, 1926, had never been executed. It is agreed between the parties herein that this note of August 15, 1926, may be ignored, and this case treated as though nothing was done on August 15, 1926, or thereafter. Morrow died on April 30, 1927. Demand was made for the payment of the insurance policy, and, on refusal by the appellant to pay it, this suit was brought.

The case was submitted to the lower court on an agreed statement of facts, being those we have heretofore set out, and the court, on the pleadings and such agreed statement of facts, awarded the appellee, who was the beneficiary of the policy, the full amount of the policy. From that judgment this appeal is prosecuted.

Appellant argues that, according to the terms of the policy, it became null and void on August 15, 1926, whereas appellee contends that, under the provisions in the policy for extended insurance, it was yet in full force and effect when Morrow died. The policy provides that, upon any default in the payment of the premium, then, in the absence of any action on the part of the insured, "if there be any indebtedness to the company, provided the policy shall have been in force for 3 full years, such indebtedness shall be deducted from the amount which would otherwise be available as a *cash value* (italics ours)," and the balance shall be applied "to extend the insurance without the right to loans or surrender values for the full amount of the policy less the indebtedness." The policy also sets out the period of time for which the insurance will be extended on the nonpayment of premiums at the end of the successive years during the term of the policy, and also the loan values of the policy at the end of each of such years. The policy further provides that the cash value at the end of any year is the same as the loan value at the end of the preceding year. Three full annual premiums having been paid on this policy, there was, according to its terms at the end of the third year, that is, on August 25, 1926, an extended insurance privilege of 2 years and 33 days, and a loan value of $22. Instead of taking his extended insurance as thus provided, or paid-up insurance, the insured elected, by the execution of his note on that date, to keep the policy alive as such, thereby retaining his rights to participate in accumulations, to receive dividends, to be free from the necessity of a medical examination for purposes of reinstatement, and to enjoy such other rights as the policy provided. Had he elected to take extended insurance, he would have had no rights beyond the period of time covered by the extended insurance provided for, but, by executing the note, he preserved to himself the right to keep his policy alive by thereafter paying premiums for its full term.

On August 15, 1926, the insured neither paying the premium then due nor his note for the premium of the preceding year, and taking no further action in the matter, the policy both by its terms and those of the note lapsed, except in so far as the insured had any rights to extended insurance. To what extent, then, did he have any rights to extended insurance? The appellee argues that he had a right to such extended insurance as could be purchased by the loan value of his policy at the end of the fourth year, which the policy states is $34. The appellee, agreeing that said $34 should have been credited by the $22, being the principal and interest of the unpaid note, says that there was yet a balance of $12 which extended the policy beyond the date of the death of the insured. Appellee's error lies in her major premises. By the terms of the policy, the extended insurance is not based on the loan value of the policy, but on its cash value, and, as heretofore stated, under the policy its cash value at the end of any year is the same as the loan value at the end of the preceding year. Therefore, in order to ascertain the cash value of this policy at the end of the fourth year, we must look to what its loan value was at the end of the third year, and, when we do, we find it to be $22.

Now, both the policy and the note provide that any indebtedness of the insured to the company must first be deducted from the cash value before the remainder is applied to the purpose of extending the insurance. There was due from the insured to the company on August 15, 1926, the sum of $22, which just equaled the cash value of the policy as of that time. Hence there was nothing to apply to the purpose of extending the insurance. The policy, therefore, lapsed on August 15, 1926, and was not in effect at the time of the death of the assured. The cases of Drury's Adm'x v. New York Life Insurance Co., 115 Ky. 681, 74 S. W. 663, 61 L. R. A. 714, 103 Am. St. Rep. 351, and New York Life Ins. Co. v. Van Meter's Adm'r, 137 Ky. 4, 121 S. W. 438, 136 Am. St. Rep. 282, relied upon by appellee, do not sustain her contentions. Those cases hold that the nonpayment of the premium notes there involved by their very terms did not affect the insured's right to extended insurance, and that, by reason of the settlement provisions of the notes, it was plain that the term "indebtedness" used in the nonforfeiture provisions of the policy was not intended to cover .

premium notes. The opinion in the Van Meter case, however, says:

"Of course, the company might have provided for extended insurance after the payment of any indebtedness, including premium notes, loans on the policy, etc.; but we have no such case here."

In the instant case, the note was secured by a lien on the policy. Both by the terms of the note and those of the policy, the amount of the note, when it became due and payable, was first to be deducted from the cash value of the policy and the balance used in purchasing extended insurance. This is exactly what was not provided in the Drury and Van Meter cases, but what the court said in the latter case might be done. See, also, Dibrell v. Citizens' National Life Ins. Co., 152 Ky. 208, 153 S. W. 428.

It results, therefore, that the appellant's motion for judgment on the pleadings and agreed statement of facts should have been sustained by the lower court. Its judgment is therefore reversed, with instructions to proceed in conformity with this opinion.