### GREAT SOUTHERN LIFE INS. CO. v. KIRKPATRICK.

#### No. 1164.

Court of Civil Appeals of Texas. Waco.
March 31, 1932.

Rehearing Denied April 28, 1932.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

### BARCUS, J.

Appellee instituted this suit against appellant on an insurance policy issued on the life of her deceased husband and payable to her as beneficiary. She alleged the policy was issued on May 20, 1912. There is no controversy about the facts. The policy of insurance was a twenty-year pay issued on the life of Krum Kirkpatrick for $2,000, payable to his wife, appellee. The policy contained a table of cash and loan values. The first eighteen premiums were paid on said policy. It provided that at the end of the eighteenth policy year the cash surrender value would be $1,034, and the loan value $1,118. In order to pay the eighteenth annual premium, appellee borrowed in April, 1929, a few weeks before the eighteenth premium became due, $1,034, the full loan value on said policy at the close of the seventeenth policy year and being the full cash value at the end of the eighteenth policy year. Said loan bore 5 per cent. interest, payable in advance. On May 20, 1930, when the nineteenth annual premium fell due, there was available on said policy $84.00 additional loan to that which Mr. Kirkpatrick had borrowed the year preceding, but there was not at said time any cash value due on said policy that had not been borrowed by Mr. Kirk-

patrick the year before. There was due on the policy on May 20, 1930, an annual premium of $65.20 and annual interest in advance on the loan of $51.70. Mr. Kirkpatrick did not pay either the interest or premium, neither did he make any application for the additional loan.

The policy provides:

"The aggregate of all loans or indebtedness to the company account of this policy shall not exceed the sum stated as 'loan value' in the table of the guaranteed values for the end of the policy year last completed. The loan shall bear interest at the rate of 5 per centum per annum, payable in advance. Failure to pay any loan or interest thereon shall not void the policy until the total indebtedness to the company shall equal or exceed its loan value. * * *

"In case of default in the payment of a premium due at an intermediate period, the non-forfeiture values will be computed on the same basis as the corresponding values for the end of the policy year last expired. * * * In the event the insured fails to pay any subsequent premium, * * * the company will charge the unpaid premium against the cash value thereof as a loan, continuing the policy in full force the same as if the premium had been paid by the insured in cash. Such premium loans shall be continued as long as the cash value, less any indebtedness to the company hereon, will meet the premiums as they fall due, and interest thereon at 6 per centum per annum. The policy shall not lapse while the cash value, less all prior loans or indebtedness and accrued interest, so applied, will suffice for a quarterly premium."

The cause was tried to the court and resulted in judgment being entered for appellee against appellant for the face of the policy, less the amount of the loan against same and the unpaid premiums.

■■ Appellant contends that, under the most favorable construction for appellee of the insurance contract, same had become forfeited at the time of the death of Mr. Kirkpatrick by his having failed to pay the premium and the interest due on said loan against the policy on May 20, 1930. We sustain this contention. When the annual premium fell due May 20, 1930, Mr. Kirk-

patrick had borrowed from the company on the policy the full amount of the guaranteed cash value, and there was therefore no fund available from which appellant was required to pay the premium. Mr. Kirkpatrick could have at said time borrowed $84 on the policy and with said amount have paid six months' premium and six months' interest on the existing loan. He could not, however, have paid with said amount nine months' premium and nine months' interest. The six months' period would have expired November 20, 1930, and he died January 13, 1931. While our courts, correctly we think, uniformly hold that all life insurance policies should be construed most favorably to the insured, the courts cannot make contracts. The policy in controversy provides specifically that the policy shall not be forfeited for failure to pay any loan until the loan, with interest thereon, shall exceed the loan value named in the policy as available at the end of the preceding policy year, and provides that it shall not be forfeited for failure to pay the annual or quarterly premium until the cash value named in the policy as available at the end of the preceding year has been exhausted. If, however, the cash value as well as the loan value for the end of the preceding policy year has been exhausted, and there is not sufficient in either of said funds to pay a quarterly premium, together with interest on the existing loan, the policy under its specific terms becomes void. Since Mr. Kirkpatrick only paid eighteen annual premiums, and since at the end of the eighteenth policy year there was only due $1,034 as cash value which he had borrowed in full, and since the loan value at the end of said year was only $1,118, which was only $84 more than he had actually borrowed on the policy, and since said $84 would not have paid the premium and interest for the three-quarters of the year that became due prior to his death, and since Mr. Kirkpatrick did not attempt in any way to pay the annual premium due in May, 1930, or the three quarterly payments due prior to his death or the interest due on the existing loan, the policy had, at the time of his death on January 13, 1931, lapsed, and appellee is not therefore entitled to any recovery.

The judgment of the trial court is reversed, and judgment here rendered denying her any recovery.