## Reliance Life Ins. Co. of Pittsburgh, Pa., v. Curlin.

(Decided March 1, 1938.)

RICHARD PRIEST DIETZMAN and KENDRICK R. LEWIS for appellant.

STEVE WILEY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

On November 10, 1934, Dr. R. N. Curlin borrowed $3,010 on his paid-up life insurance policy for $5,000, issued by the Reliance Life Insurance Company of Pittsburgh, Pennsylvania. The terms of the policy relating to the lending of money on its security provided for the payment of interest at 5 per cent. in advance. Dr. Curlin paid the interest until October 4, 1935, and no more. He died March 2, 1936. Payment of the policy being denied, the beneficiary sued the company for the difference between the debt and the face of the policy. The petition set forth several provisions of the policy, which was filed as an exhibit. It alleged the invalidity of some of them, and construed others in such a way that if sustained would show plaintiff's right to recover the sum prayed.

The answer was a traverse of the interpretations of the policy and a denial of liability. Without waiving demurrer and a motion to strike much of the answer, the plaintiff filed a reply elaborating some of the allegations of the petition, particularly those relating to an issue as to the equality of the debt and reserve or loan value, which went out of the case by stipulation. A rejoinder traversed the reply. The judgment recites the consideration of the entire case upon the pleadings and exhibits. The motion to strike from and the demurrer to nearly the entire answer were sustained. The defendant declining to plead further, judgment was rendered against it for $1,947.30. The company appeals.

The provision of the policy concerning the default of the borrower in the payment of interest is as follows:

"Failure to repay any such advance or to pay interest shall not avoid this policy unless the total indebtedness hereon to the company shall equal or exceed such loan value at the time of such failure and until one month after notice shall have been mailed by the Company to the last known address of the insured and of the assignee, if any."

It will be noticed that there are two concurring conditions which would avoid payment of the principal sum of the policy upon the death of the insured, viz.: (1) The equality of the debt and the legal reserve; and (2) the giving of one month's notice to the insured. It is stated in the petition that on October 5, 1935, the company had proceeded without right or authority of law to forfeit the policy because the amount borrowed equaled the loan value of the policy. The allegations of the petition are confined to an attack upon the legality of the right to cancel the policy because of this stated equality, and a denial that the debt and legal reserve had become equal. Nothing is stated in the petition about any notice having been given or received. The answer, as above indicated, is also silent upon this controlling point. However, it does not traverse the allegations of the petition that the company had canceled the policy on October 5th. It was stipulated by the parties:

"That at the time of the alleged cancellation by the defendant herein of the policy of insurance

sued on herein, the sum of $3,010.00 is and was the actual legal reserve on said policy."

Delivery or assignment of a paid-up life insurance policy to the insurer as security for a loan on condition that the policy may be canceled on nonpayment of the loan or interest thereon is a pledge. Commonwealth Life Insurance Company v. Stanley, 253 Ky. 213, 69 S. W. (2d) 369, 371; 14 R. C. L. 942.

This contract expressly provides, we may repeat, that the failure of the insured to pay interest on his loan shall not avoid the policy unless and until one month after the company shall have given notice to him. It is a necessary assumption that meant a notice of a purpose to cancel the policy unless the interest be paid in accordance with the terms of the loan. The right to subject the collateral security to the payment of the debt was conditioned upon this notice to the pledgor. As has been often stated, the rights of an insurance company in lending money on its policies are the same as those of any other lender of money. Northwestern Mutual Life Insurance Company v. Barker's Ex'x, 241 Ky. 490, 44 S. W. (2d) 292, and cases cited therein. The right to foreclose is only in the mode agreed upon by the parties or as provided by law, subject to the necessities arising from the peculiar nature or character of the security. Travelers' Insurance Company v. Lazenby, 16 Ala. App. 549, 80 So. 25, certiorari denied 202 Ala. 207, 80 So. 29 (set out at length, 18 A. L. R. 1149). Certainly, at least the method stipulated in the contract must be observed. We may repeat the statement contained in Commonwealth Life Insurance Company v. Stanley, supra:

"That the company did not have the right on its ipse dixit to cancel its liability on the default in the payment of interest and that too which had not been earned. It had no right to do so under its contract. It had no right to do so under the law."

It seems to us therefore that without an admission in the petition that the cancellation of the policy was made after one month's notice of a purpose to do so, the insurance company must have affirmatively shown that the terms of its right to cancel had been met, and that the policy had in fact been canceled before the death of the insured.

836

The record of the case when it was submitted for judgment, after the demurrer to and motion to strike from the answer had been sustained, was, in short: (1) A pleading by the plaintiff of the terms of the contract, their validity and legal effect, a compliance in full by the insured of his obligations, the defendant's default and liability thereunder; and (2) the denial by the defendant of that default and liability. In overruling the demurrer to this part of the answer, the court had held the defendant had stated a good defense; then notwithstanding this ruling, and without giving the defendant an opportunity to amend, it adjudged that defense not to be good. We think the court, to be consistent with the view or conclusion he ultimately had and expressed, should have sustained the demurrer to the entire answer and permitted the defendant to plead further if it desired. S. K. Jones Construction Co. v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482. Therefore, that judgment should be reversed and the case remanded for consistent proceedings.

Judgment reversed.

Whole court sitting.