# Reliance Life Ins. Co. of Pittsburgh, Pa., v. Curlin.

Jan. 31, 1939.

Leslie L. Hindman, Judge.

534

RICHARD PRIEST DIETZMAN and KENDRICK R. LEWIS for appellant.

STEVE WILEY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

This is the second appeal of this case, the opinion on the former appeal being reported in 272 Ky. 832, 115 S. W. (2d) 296. The second trial resulted in a judgment for plaintiff, appellee here, in accordance with the prayer of her petition and the defendant, appellant here, is again seeking a reversal of the judgment.

Briefly stated the facts are that on October 4, 1915, appellant issued to Charles W. Curlin a policy insuring his life in the principal sum of $5000 in which appellee, the wife of insured, was then or thereafter made beneficiary. Insured died on March 2, 1936, but before his death the policy had become fully paid up. On November 10, 1934, insured borrowed from appellant $3010 for which he executed a note bearing interest at the rate of 5 per cent. per annum. The interest was paid until October 4, 1935. Upon the company's denial of any liability under the policy, appellee instituted this action setting up certain provisions of the policy under which she alleged appellant was liable for the amount of the policy less the principal sum of the note it held against the assured with accrued interest.

The opinion on the former appeal sets out the state of the pleadings at the time and it will be noted that the judgment on the first trial was reversed because the court after overruling a demurrer to appellant's answer erred in adjudging the defense not to be good without giving appellant opportunity to amend. It was held in effect that it was incumbent upon appellant in the absence of any allegations in the petition to affirmatively allege and show that its alleged cancellation of the policy was made after notice as therein provided; that the terms of its right to cancel had been met and that the

policy had in fact been cancelled before the death of insured.

Reference to the former opinion saves further recitation concerning the pleadings except to say that after the mandate following the reversal on the first appeal was filed in the court below, appellant filed an amended answer alleging in substance that assured defaulted in payment of interest on his note and the policy was thereupon cancelled and notice of such cancellation was sent to assured, who received same, prior to the date of his death. The court sustained a demurrer to the answer as thus amended and defendant declining to further plead, the judgment appealed from was rendered.

It was provided in the policy in substance that after three full years premium had been paid, the company would lend or advance to the assured on proper assignment of the policy and on the sole security thereof a sum equal to or less than the reserve at the end of the current policy year computed according to the American Experience Tables of Mortality, the sum advanced or lent to bear interest at the rate not greater than 5 per cent. per annum. It further provided:

"Failure to repay any such advance or to pay interest shall not avoid this policy unless the total indebtedness hereon to the Company shall equal or exceed such loan value at the time of such failure and until one month after notice shall have been mailed by the Company to the last known address of the Insured and of the Assignee, if any. No condition other than as herein provided shall be enacted as a prerequisite to any such evidence."

A provision of the policy relating to options of the assured on surrender of lapse of the policy reads:

"Options on surrender of lapse—After this policy shall have been in force three full years the owner, within one month after any default may elect (a) to accept the value of this policy in cash, or (b) to have the insurance continued in force from date of default, without participation and without the right to loans, for its face amount, less any indebtedness to the Company hereon, or (c) to purchase non-participating paid-up insurance, payable at the same time and on the same conditions as this policy. The cash value will be the reserve at

536

the date of default on this policy, computed according to the American Experience Table of Mortality and interest at the rate of three and one-half per centum per annum, less not more than two and one-half per centum of the amount insured by this policy and less any existing indebtedness to the Company on this policy. The term for which the insurance will be continued or the amount of the paid-up policy will be such as the cash value will purchase as a new single premium at the attained age of the Insured according to the American Experience Table of Mortality and interest at the rate of three and one-half per centum per annum. If the owner shall not, within one month from default surrender this policy to the Company at its Home Office for a cash surrender value or for paid-up insurance as provided in options (a) and (c) the insurance will be continued as provided in option (b)."

It was the contention of appellee in the court below, as it is here, that the quoted provision of the policy providing for cancellation or forfeiture for nonpayment of interest is void and that under other terms and conditions of the policy the indebtedness should be deducted from the face of the policy and the balance extended for the life of the assured. On the other hand it is the contention of appellant that the quoted provision relating to cancellation of the policy is valid and should be upheld where the assured has received the full amount due under the policy at the time of the cancellation and therefore its amended answer set up a complete defense to appellee's alleged cause of action.

We find in the record a stipulation entered into by the parties through their respective attorneys that at the time of the alleged cancellation of the policy by appellant the sum of $3010 was the actual legal reserve on the policy. Under the quoted provision the cash value thereof is the reserve as of the date of default on the policy. It is therefore apparent according to the stipulation of the parties and the quoted provision of the policy that assured had received and retained the present value of the policy which was the legal reserve or cash value thereof as of the date of the default and cancellation of the policy by appellant. It is insistently urged, however, by appellee that inasmuch as the provisions of the policy are contradictory and ambiguous it should be construed most strongly against appellant and

that upon default and failure of the assured to exercise any of the quoted options, option (b) automatically became effective and continued the policy in force for its face amount less the indebtedness to the company. But that argument overlooks the latter part of the last quoted provision which reads, "The term for which the insurance will be continued or the amount of the paid-up policy will be such as the cash value will purchase as a new single premium. * * *"

As had already been noted, it is disclosed by the pleadings and stipulation of the parties that assured had already received the full cash value of the policy and there was nothing left to purchase or pay for extended insurance.

In support of the contention that the quoted cancellation or forfeiture clause in the policy is void, counsel for appellee cites Northwestern Mutual Life Insurance Company v. Barker's Ex'x, 241 Ky. 490, 44 S. W. (2d) 292; New York Life Insurance Company v. N. L. Curry & Bro., 115 Ky. 100, 72 S. W. 736, 24 Ky. Law Rep. 1930, 61 L. R. A. 268, 103 Am. St. Rep. 297 and St. Louis Mutual Insurance Company v. Grigsby, 10 Bush. 310, but without going into detail a reading of those cases will disclose that they were dealing with an entirely different state of facts where the company had acted arbitrarily in fixing the cash value of the policy or where the assured had not received the full amount due on the policy or had dividends or unconsumed surplus to keep the policy in force under its terms. The opinion in the former appeal clearly indicates the right of appellant to foreclose or cancel the policy which had been pledged as collateral for the loan if the terms of its right to cancel as set forth in the policy had been fully met by it. There are a number of cases from this jurisdiction denying right of recovery where a policy has been lapsed or cancelled for nonpayment of premiums or interest on indebtedness as authorized by its terms, and when, as in this instance, there has been a fair and equitable settlement with the assured and he has received the full cash value of the policy. Dibrell v. Citizens' National Life Insurance Company, 152 Ky. 208, 153 S. W. 428; Short's Adm'x v. Reserve Loan Life Insurance Company, 175 Ky. 554, 194 S. W. 773; Inter-Southern Life Insurance Company v. Morrow, 227 Ky. 293, 294, 12 S. W. (2d) 692.

Furthermore, and apart from any question of right

of cancellation or forfeiture, the assured when notified of his default and of the purpose of appellant to cancel had received and elected to retain the sum of $3010 which the parties agree was the full legal reserve of the policy and which was also its full cash value. He thereby to all intents, purposes and effect exercised option (a) as set forth in the quoted provision "to accept the value of this policy in cash."

Appellee's contention that the reserve on the policy should be increased by $250 or 2½ per cent of the face value of the policy is wholly at variance with the pleadings and stipulation concerning the legal reserve and cannot be sustained.

It is our conclusion that the allegations of the answer which for the purpose of demurrer must be taken as true set up a good and valid defense and therefore the demurrer thereto should have been overruled.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.